IN THE UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF ALABAMA
EASTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | CIVIL ACTION NO. 3:03cv513-MHT |
| | ) | [WO] |
| WAYNE DEANDRE HOLLIS | ) | |

**RECOMMENDATION OF THE MAGISTRATE JUDGE**

This matter is before the court on a motion by federal inmate WAYNE DEANDRE HOLLIS ["Hollis"] to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255. After careful consideration of the § 2255 motion, the supporting and opposing submissions, and the record in this case, the court concludes that an evidentiary hearing is unnecessary and that, pursuant to Rule 8(a), *Rules Governing Section 2255 Proceedings in the United States District Courts*, the motion should be denied.

**I. PROCEDURAL HISTORY**

On 10 April 2002, in accordance with a written plea agreement, Hollis pleaded guilty to conspiracy to distribute cocaine base, in violation of 21 U.S.C. §§ 841(a)(1) and 846, and two counts of possessing a firearm after having been convicted of a felony, in violation of 18 U.S.C. § 922(g)(1). On 19 July 2002, the district court entered judgment and sentenced Hollis to 188 months on the conspiracy conviction and 120 months for each firearm conviction. The sentences were ordered to run concurrently. Hollis did not appeal.

On 5 May 2003, Hollis filed this § 2255 motion,[1] asserting the following claims:

1. His counsel rendered ineffective assistance by allowing him to plead guilty to violations of 18 U.S.C. § 922(g)(1) when the facts did not establish the elements required for a conviction under the statute.

2. His counsel rendered ineffective assistance by allowing him to plead guilty to conspiracy to distribute cocaine base when cocaine base is not a "controlled substance" within the meaning of 21 U.S.C. § 841(a)(1).

3. His counsel rendered ineffective assistance by failing to file an appeal.

The government responds that these claims do not entitle Hollis to relief because they are either (1) meritless, or (2) barred from review pursuant to the waiver provision in the plea agreement.[2] Hollis was afforded an opportunity to respond to the government's submissions and has done so.

## II. DISCUSSION

*A.*   *Standard of Review for Ineffective Assistance of Counsel*

---

[1] Although Hollis's motion was stamped "received" in this court on 14 May 2003, under the "mailbox rule," the court deems his motion filed on the date he delivered it to prison authorities for mailing, presumptively, 5 May 2003, the day that he signed it. *See Houston v. Lack*, 487 U.S. 266, 271-72 (1988); *Washington v. United States*, 243 F.3d 1299, 1301 (11th Cir. 2001).

[2] Under the terms of the plea agreement, Hollis expressly waived his right to appeal or collaterally attack his conviction and sentence except to appeal any upward departure that might be imposed at sentencing or to raise issues of ineffective assistance of counsel or prosecutorial misconduct. *See Plea Agreement* (Doc. # 8 - Attachment C) at 6-7. No upward departure was imposed at Hollis's sentencing.

The Sixth Amendment right to counsel exists to protect the fundamental right to a fair trial. To prevail on a claim of ineffective assistance of counsel, a movant must satisfy both prongs of the test articulated by the United States Supreme Court in *Strickland v. Washington*, 466 U.S. 668 (1984). The performance prong requires a movant to establish that counsel performed outside the wide range of reasonable professional assistance and made errors so serious that he failed to function as the kind of counsel guaranteed by the Sixth Amendment. *Id*. at 687-89. The prejudice prong requires a movant to demonstrate that seriously deficient performance of his counsel prejudiced the defense. *Id*. at 687.

To succeed on a claim of ineffective assistance, a movant must first establish that his attorney's performance "fell below an objective standard of reasonableness." *Strickland*, 466 U.S. at 688. "The proper measure of attorney performance remains simply reasonableness under prevailing professional norms." *Id*. In other words, criminal defendants have a Sixth Amendment right to "reasonably effective" legal assistance. *Roe v. Flores-Ortega*, 528 U.S. 470, 476 (2000) (quoting *Strickland*, 466 U.S. at 687).

There is a strong presumption that counsel's performance was reasonable and adequate, and great deference is shown to choices dictated by reasonable trial strategy. *Rogers v. Zant*, 13 F.3d 384, 386 (11th Cir. 1994); *see Strickland*, 466 U.S. at 689. Review of an ineffective assistance of counsel claim is conducted from the perspective of defense counsel, based on facts "as they were known to counsel *at the time of the representation*." *United States v. Teague*, 953 F.2d 1525, 1535 (11th Cir. 1992) (emphasis in original); *see*

*Strickland*, 466 U.S. at 690. "A fair assessment of attorney performance requires that every effort be made to eliminate the distorting effects of hindsight, to reconstruct the circumstances of counsel's challenged conduct, and to evaluate the conduct from counsel's perspective at that time." *Strickland*, 466 U.S. at 689.

The prejudice component of the *Strickland* test focuses on whether counsel's deficient performance renders the result of the trial unreliable or the proceeding fundamentally unfair. *See Strickland*, 466 U.S. at 687. Unreliability or unfairness is not established if counsel's assistance did not deprive the defendant of any constitutionally protected right. *Williams v. Taylor*, 529 U.S. 362, 393 n.17 (2000).

To establish prejudice, a movant must show that "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different" *Strickland*, 466 U.S. at 694. A "reasonable probability is a probability sufficient to undermine confidence in the outcome." *Id*. "[P]etitioners must affirmatively prove prejudice because '[a]ttorney errors come in an infinite variety and are as likely to be utterly harmless in a particular case as they are to be prejudicial. [T]hat the errors had some conceivable effect on the outcome of the proceeding' is insufficient to show prejudice." *Gilreath v. Head*, 234 F.3d 547, 551 (11th Cir. 2000) (alteration in original) (quoting *Strickland*, 466 U.S. at 693).

Unless a movant satisfies both prongs of the *Strickland* inquiry, relief should be denied. *Strickland*, 466 U.S. at 687. Accordingly, a court need not "address both

components of the inquiry if the [movant] makes an insufficient showing on one." *Id*. at 697.  *See, e.g., Duren v. Hopper*, 161 F.3d 655, 660 (11th Cir. 1998) ("if a defendant cannot satisfy the prejudice prong, the court need not address the performance prong").

B.   *Ineffective Assistance of Counsel Claims*

   1.   **Ineffective Assistance: Convictions for Possession of Firearms after Having Been Convicted of a Felony, in Violation of 18 U.S.C. § 922(g)(1)**

Hollis contends that his counsel rendered ineffective assistance by allowing him to plead guilty to violations of 18 U.S.C. § 922(g)(1) when the facts did not establish the elements required for a conviction under that statute.  Specifically, Hollis argues that his possession of firearms was not "in or affecting interstate commerce" so as to establish the interstate commerce element of the felon-in-possession-of-a-firearm offense set out in § 922(g)(1).  *See Memorandum in Support of § 2255 Motion* (Doc. # 2) at 2-7.

Section 922(g)(1) states that it is unlawful for any convicted felon to "possess in or affecting commerce, any firearm."  18 U.S.C. § 922(g)(1).  To effectuate a constitutional conviction under § 922(g)(1), "[t]he government must prove ... that the firearm possessed traveled in interstate commerce." *See United States v. Reynolds*, 215 F.3d 1210, 1215 (11th Cir. 2000); *see also United States v. Scott*, 263 F.3d 1270, 1272 (11th Cir. 2001).

During Hollis's guilty plea hearing, the Magistrate Judge questioned him about his actions that led to the indictment.  Hollis acknowledged that he possessed the firearms that

were named in the counts of the indictment charging him under § 922(g)(1). *See Guilty Plea Hearing* (Doc. # 8 - Attachment D) at 23-25. Hollis also admitted that he had been previously convicted of a felony in the Circuit Court of Russell County, Alabama. *Id*. The prosecutor, as part of the factual basis for the plea, stated that the government could prove that the firearms named in the indictment had not been manufactured in the state of Alabama and had, therefore, traveled in interstate commerce. *Id*. at 24 & 28-29.

Hollis's argument hinges entirely on his insistence that his possession of firearms that had been manufactured outside the state of Alabama should not suffice to establish the interstate commerce element of § 922(g)(1). His argument, however, is decidedly contrary to the law, as it is well settled that proof that the firearm was manufactured outside the state in which the possession occurred is sufficient to support a finding that the possession was "in or affecting" interstate commerce as required by § 922(g)(1). *See, e.g., Clay v. United States*, 355 F.3d 1281, 1286-87 (11th Cir. 2004); *United States v. Brantley*, 68 F.3d 1283, 1288 (11th Cir. 1995). *See also United States v. Patterson*, 820 F.2d 1524, 1526 (9th Cir. 1987) (cited in *Clay*, 355 F.3d at 1287) (holding that firearm manufactured in Miami, Florida, and seized in Los Angeles "could not have made the journey from Miami to Los Angeles without traveling in interstate commerce").

Hollis makes no claim that the firearms he possessed were not manufactured outside the state of Alabama; rather, he merely argues that their out-of-state manufacture, coupled with his possession of them in Alabama, does not establish the interstate commerce element

of § 922(g)(1).  Because this argument is clearly meritless, so is Hollis's claim that his counsel was ineffective for allowing him to plead guilty under facts that did not establish the elements required for a conviction under § 922(g)(1).  Hollis fails to show that counsel's performance was deficient or that he suffered resulting prejudice because of ineffective assistance.  *See Strickland v. Washington*, *supra*, 466 U.S. at 687-89.  Therefore, he is not entitled to any relief based on this claim.[3]

**2.    Ineffective Assistance:  Conviction for Conspiracy to Distribute Cocaine Base**

Hollis claims that cocaine base is an "unscheduled controlled substance not subject to prosecution" and thus argues that his counsel rendered ineffective assistance by allowing him to plead guilty to the "non-criminal offense" of conspiracy to distribute cocaine base. *See Memorandum in Support of § 2255 Motion* (Doc. # 2) at 8-9.

There is simply no merit to Hollis's claim.  Cocaine base is a derivative form of cocaine and is a Schedule II controlled substance.  *See, e.g., United States v. Stone*, 139 F.3d 822, 833 (11th Cir. 1998); *United States v. Sloan*, 97 F.3d 1378, 1381-83 (11th Cir. 1996); *United States v. Catchings*, 922 F.2d 777, 780 (11th Cir. 1991).  "Any 'compound, mixture, or preparation' which contains cocaine is listed as a Schedule II controlled substance

---

[3]To the extent that Hollis asserts a substantive claim challenging his convictions for violating § 922(g)(1), the claim obviously lacks merit for the reasons set forth in the court's discussion of his allegation of ineffective assistance of counsel.

pursuant to 21 U.S.C. § 812(c)(II)(a)(4)." *Stone*, 139 F.3d at 833.

The absence of merit in Hollis's claim that cocaine base is an "unscheduled controlled substance" fatally taints his claim that his counsel was ineffective for allowing him to plead guilty to the "non-criminal offense" of conspiracy to distribute cocaine base. Therefore, Hollis is not entitled to relief based on this claim.

### 3. Ineffective Assistance: Failure to Appeal

Hollis claims that he requested his counsel to file an appeal, but that counsel failed to do so. *See Memorandum in Support of § 2255 Motion* (Doc. # 2) at 1. Hollis asserts that counsel's failure to file an appeal constituted ineffective assistance because it prevented him from raising his substantive claims regarding the constitutional validity of his convictions. *See "Petitioner's Traverse to Government Response and Affidavit"* (Doc. # 10) at 8-9. Hollis's counsel concedes that no appeal was filed. However, he denies that Hollis ever requested that an appeal be filed. *See Affidavit of Charles E. Vercelli, Jr.* (Doc. # 4) at 2.

There are two reasons why Hollis's argument is meritless. First, his plea agreement included a waiver of his right to appeal his conviction and sentence. *See Plea Agreement* (Doc. # 8 - Attachment C) at 6-7. There is no indication in the pleadings or other record before this court that Hollis's waiver was anything but voluntary and knowing as expressly stated in the plea agreement. Moreover, the record reflects that the Magistrate Judge who conducted the guilty plea colloquy explained the appeal waiver to Hollis and questioned him

concerning it; the colloquy establishes that Hollis understood the nature of the appeal waiver and agreed to it. *See Guilty Plea Hearing* (Doc. # 8 - Attachment D) at 6-7 & 13-15.

A defendant's knowing and voluntary waiver of the right to appeal is enforceable. *See Williams v. United States*, 396 F.3d 1340, 1341 (11th Cir. 2005); *United States v. Bushert*, 997 F.2d 1343, 1350-5 (11th Cir. 1993). It follows that Hollis's counsel's performance, in failing to insist upon a right that Hollis voluntarily chose to waive, did not fall "below an objective standard of reasonableness." *Strickland v. Washington*, 466 U.S. 668, 688 (1984).

Second, for the reasons heretofore stated, because Hollis's substantive claims are meritless, leaving his convictions constitutionally valid, Hollis cannot demonstrate any prejudice in the failure to appeal. Therefore, Hollis is not entitled to any relief based on this claim.

### III.  CONCLUSION

Accordingly, it is the RECOMMENDATION of the Magistrate Judge that the 28 U.S.C. § 2255 motion filed by Hollis be denied, as the claims therein entitle him to no relief.

It is further

ORDERED that the parties shall file any objections to this Recommendation **on or before 9 May 2006.** A party must specifically identify the findings in the Recommendation to which objection is made; frivolous, conclusive, or general objections will not be

considered.  Failure to file written objections to the Magistrate Judge's proposed findings and recommendations shall bar a party from a de novo determination by the District Court of issues covered in the Recommendation and shall bar the party from attacking on appeal factual findings accepted or adopted by the District Court except upon grounds of plain error or manifest injustice.  *Nettles v. Wainwright*, 677 F.2d 404 (5th Cir. 1982).  *See Stein v. Reynolds Securities, Inc.*, 667 F.2d 33 (11th Cir. 1982).  *See also Bonner v. City of Prichard*, 661 F.2d 1206 (11th Cir. 1981, en banc).

 Done this 25th day of April, 2006.


       /s/ Vanzetta Penn McPherson
       VANZETTA PENN MCPHERSON
       UNITED STATES MAGISTRATE JUDGE